# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GYORGY PAPP,<br><br>              Plaintiff,<br><br>v.<br><br>INVICTA WATCH COMPANY OF AMERICA, INC.; and DOES 1 through 10 inclusive,<br><br>              Defendants. | Case No. **0:21-cv-61828**<br><br>**COMPLAINT FOR COPYRIGHT INFINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1.  This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2.  This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.  This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of Florida, Defendant's acts of infringement were directed towards the state of Florida, Defendant caused injury to Plaintiff within the state of Florida, and Defendant has a physical presence in the state of Florida.

4.  Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5.  Plaintiff Gyorgy Papp ("Papp") is an individual and professional photographer.

1

6. Defendant Invicta Watch Company of America, Inc. ("Invicta") is a Florida corporation with a business address of 3069 Taft Street, Hollywood, FL 33021.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

8. Papp is a highly successful is a commercial photographer.

9. Papp's photography clients have included brands such as Burger King, Wyndham, Marriott, Holiday Inn and many others.

10. Papp is the sole author and exclusive rights holder to a photograph of a Glycine GL0120 – Combat Classic Open Heart Men's Watch ("Watch Photograph").

11. Attached hereto as Exhibit A is a true and correct copy of Papp's Watch Photograph.

12. Papp registered the Watch Photograph with the United States Copyright Office under registration certificate VA 2-210-311.

13. Defendant Invicta is an international watch company founded in 1837 that produces high quality premium men's watches.

14. Invicta has partnered with numerous high profile brands to including the NFL, Disney, Marvel, and the US Army and Navy.

15. Invicta owns numerous brands as part of the Invicta Watch Group.

16. In 2016, Invicta acquired the Swiss watch brand Glycine Watch S.A. ("Glycine"). *See* https://bit.ly/3wBa2w6 .

17. One of the products produced by Glycine is the GL0120 – Combat Classic Open Heart Men's Watch, which retails for approximately $1,400 USD.

18. Invicta promotes the Glycine brand through various social media channels including an Instagram and Facebook page.

19. On or about June 25, 2020, Papp discovered that his Watch Photograph was being used without his permission on the Glycine Facebook and Instagram page.

20. Attached hereto as Exhibit B are true and correct screenshots of Papp's Watch Photograph being used on the Glycine Facebook and Instagram page.

21. The Facebook post encouraged followers to search the watch's model number "to get information on retail and sale prices, and you will see a couple of our authorized dealers who can have this watch in stock for you to order."

22. In addition, many users commented on the posts, including a Facebook user who asked "Where is this for sale?"

23. Papp did not give permission for his Watch Photograph to be used on the Glycine Facebook and Instagram pages.

24. On August 26, 2020, Papp, through counsel, sent a cease and desist letter requesting *inter alia* that the Watch Photograph be removed from the Glycine Facebook and Instagram pages.

25. Despite making numerous attempts to contact someone, Papp's counsel never received a response.

26. As of the date of this Complaint, Papp's Watch Photograph is still being displayed on the Glycine Facebook and Instagram pages.

27. Attached hereto as Exhibit C are true and correct time stamped screenshots showing the continued use of Papp's Watch Photograph on the Glycine Facebook and Instagram pages.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Watch Photograph.

30. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Watch Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Watch Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in on the Glycine Facebook and Instagram pages.

31. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

32. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

33. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

/ / /

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Watch Photograph by copying, displaying, and distributing it without a license or consent;
- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated:  August 30, 2021               Respectfully submitted,

**/s/ Melissa A. Higbee**
Melissa A. Higbee, Esq.
FL State Bar No. 62465
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6729 facsimile
meliss@higbeeassociates.com
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Gyorgy Papp, hereby demands a trial by jury in the above matter.

Dated:       August 30, 2021                    Respectfully submitted,

**/s/ Melissa A. Higbee**
Melissa A. Higbee, Esq.
FL State Bar No. 62465
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6729 facsimile
meliss@higbeeassociates.com
*Attorney for Plaintiff*