IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE No. 0:21-cv-61828-RUIZ/STRAUSS

GYORGY PAPP,

    Plaintiff,

v.

INVICTA WATCH COMPANY OF
AMERICA, INC.

    Defendant.

_____/

**DEFENDANT INVICTA WATCH COMPANY OF AMERICA, INC.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

## I. INTRODUCTION

Plaintiff filed a single-count, bare-bones Complaint alleging direct copyright infringement against Defendant Invicta Watch Company of America, Inc. ("Invicta"), without even undertaking a cursory analysis regarding who the proper defendant in this action should be. The crux of the Complaint alleges that Plaintiff's Watch Copyright was violated by Glycine, S.A. – a Swiss watch company – through its various social media channels. The only basis to have named Invicta in this lawsuit is an internet article that incorrectly states that Invicta acquired Glycine, S.A. in 2016. Even assuming that to be true, which it is not, there is no legal or factual basis alleged that would impute liability against Invicta – an entirely distinct corporate entity.

The Complaint seeks to hold Invicta liable for direct—and only direct—copyright infringement, but fails to allege any facts that plausibly support a claim that Invicta infringed Plaintiff's purported copyright in the Watch Photograph. Rather, the Complaint alleges infringing conduct related to the website and social media page of a separate entity altogether, Glycine. Instead of trying to establish that Invicta acted improperly, Plaintiff merely hurls the conclusory accusation that Invicta is liable for Glycine's purported actions, ostensibly by virtue of their corporate relationship. But, there are no allegations that Invicta engaged in any acts constituting direct copyright infringement at all, and the mere existence of a corporate relationship, without more, is insufficient to sustain a claim for infringement against Invicta. Accordingly, Court should dismiss the Complaint against Invicta with prejudice.

## II.     ARGUMENT

The Court must dismiss Plaintiff's Complaint because it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). To withstand a motion to dismiss, a complaint "must provide 'more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Temurian v. Piccolo, No.* 18-cv-62737, 2019 U.S. Dist. LEXIS 67469 (S.D. Fla. Apr. 19, 2019)  (quoting *Twombly,* 550 U.S. at 555).  In other words, Plaintiff cannot simply "rest on 'naked assertions devoid of further factual enhancement,'" *Mejia v. Ocwen Loan Servicing, LLC,* 703 Fed. App'x. 860, 862 (11th Cir. 2017).

### A. Plaintiff Does Not Allege a Plausible Claim for Direct Infringement Against Invicta.

Plaintiff asserts a single claim for direct copyright infringement, alleging in conclusory fashion that Invicta "used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Watch Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in on the Glycine Facebook and Instagram pages."  ECF 1 at ¶ 30. Plaintiff, however, fails to provide the requisite "factual enhancement" to support such a bare-bones legal conclusion.

To sustain that claim for direct infringement, Papp must plausibly allege facts to show (1) that it owns a valid copyright and (2) that the defendant copied original elements of the copyrighted works or materials to state a claim for copyright infringement. *Disney Enters. v. Hotfile Corp.,* 798 F. Supp. 2d 1303, 1307 (S.D. Fla. 2011) ("Where a plaintiff shows that he owns a valid copyright and that the other party copied some of the protected elements of that work, he has shown direct infringement of his copyright.") (citing *Saregama India Ltd. v. Mosley,* 635 F.3d 1284, 1290 (11th Cir. 2011)).

Here, Plaintiffs generally alleges that Papp maintains a copyright to the Watch Photograph, and that such photograph appears on Glycine's social media pages without Papp's consent or authorization.  ECF 1 at ¶¶ 19, 23.  Plaintiff, however, fails to allege that defendant Invicta took any action at all with respect to that Watch Photograph or the Glycine Facebook or Instagram

pages at issue.  Plaintiff's Complaint is devoid of any factual allegations to establish Invicta copied or otherwise improperly used the purported copyrighted photograph. [1] In fact, the Complaint fails to plead that Invicta did anything at all, let alone facts that Invicta directly infringed the allegedly copyrighted photograph.  Instead, the only actions alleged in the Complaint are those related to Glycine, not Invicta.  The Complaint alleges that the images appear on Glycine's Instagram and Facebook pages.  Papp suggests that Invicta promotes the Glycine brand through "an Instagram and Facebook page," but does not allege that Invicta has done so through "the Glycine Facebook and Instagram" pages referenced in the Complaint.  *See* ECF 1 at ¶18, 19.  The Court is not required to infer from a general statement that Invicta promotes Glycine branded watches through social media, that Invicta posted the specific Watch Photograph on the specific Glycine social media pages.  Rather, from those facts pled—that the Photograph appeared on the Glycine Facebook and Instagram pages, and that Invicta and Glycine are in fact separate corporate entities—the proper inference is not that Invicta posted those images, but that Glycine placed the photograph on its own social media pages.  *See American Dental Ass'n v. Cigna,* 605 F.3d 1283, 1290 (11th Cir. 1990) ("[C]ourts may infer from the factual allegations in the complaint obvious alternative explanations [that] suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.").

Instead of including allegations regarding Invicta's action, Plaintiff merely makes the conclusory assertion that Invicta acquired Glycine.  ECF 1 at ¶ 16.  Even if that were true, this is simply insufficient to sustain a claim for direct copyright infringement.  Pleading the mere existence of a corporate relationship between Invicta and Glycine cannot sustain a claim for direct

---

[1] While Invicta assumes for purposes of this Motion that Papp holds a valid copyright in the relevant photograph, Invicta reserves all defenses available to the charge of copyright infringement, including a challenge to the validity of Plaintiff's copyrights.

infringement against Invicta "it is a general principle of corporate law . . . that a parent corporation . . . is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61, 118 S. Ct. 1876, 141 L. Ed. 2d 43 (1998). Accordingly, a parent corporation is not liable for the infringement of its subsidiary unless there is a "substantial and continuing connection" between the specific infringing conduct of the parent and subsidiary. *See Howard Johnson v. Khimani*, 892 F.2d 1512, 1518 (11th Cir. 1990). In other words, "there must be indicia beyond the mere legal relationship showing that the parent is actually involved with the decisions, processes, or personnel directly responsible for the infringing activity." *Banff Ltd. v. Limited, Inc.*, 869 F.Supp. 1103, 1109 (S.D.N.Y. 1994); *Pegasus Imaging Corp. v. Northrop Grumman Corp.*, No. 8:07-CV-1937-T-27EAJ, 2008 U.S. Dist. LEXIS 99985, at *6-8 (M.D. Fla. Nov. 24, 2008).

Papp has pleaded no such connection here. Papp has not alleged that Invicta itself has engaged in any acts constituting direct infringement and has failed to establish any legal basis to impute Glycine's alleged conduct to Invicta. Because the sparse factual allegations in the Complaint fail to plausibly allege that Invicta engaged in direct copyright infringement, the Court should dismiss the Complaint.

    **B.    Papp Has Not and Cannot Plead a Claim for Vicarious or Contributory Copyright Infringement Against Invicta.**

Papp cannot avoid dismissal of the Complaint's single count for direct copyright infringement by seeking to rely on the theories of vicarious or contributory liability because the Complaint has neither asserted those counts, nor pleaded facts in support of such theories.

Liability for vicarious copyright infringement arises "when the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement." *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1138 n.19 (11th Cir. 2007). Thus, Papp would have to establish that Invicta

- 4 -

had "(1) the right and ability to supervise, and (2) a direct financial interest in the profits of the infringing activity." *Affordable Aerial Photography, Inc. v. Modern Living Real Estate, LLC*, No. 19-cv-80488, 2019 U.S. Dist. LEXIS 132023, at *3 (S.D. Fla. Aug. 7, 2019) (quotation marks and citation omitted)).

Such allegations are wholly absent from the Complaint. First, Papp did not allege Invicta has any financial interest in Glycine's social media pages or derive any financial benefit from the allegedly infringing photograph. Moreover, Plaintiff failed to alleged that Invicta has the right and ability to supervise or control Glycine. Such pleading failures would be fatal to any claim of vicarious infringement.

Plaintiff's Complaint also fails to allege a claim for contributory infringement, let alone plead any facts to support such a claim. "[T]he well-settled test for a contributory infringer [is] one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." *Cable/Home Commc'n Corp. v. Network Prods. Inc.*, 902 F.2d 829, 845 (11th Cir. 1990). Plaintiff's Complaint fails to include any allegation that Invicta knew about the alleged infringing activity, nor that it induced, caused, or contributed in any way to the purportedly infringing conduct. Plaintiff's failure to plead such facts to support a theory of contributory infringement likewise warrants dismissal of the Complaint.

### III. CONCLUSION

For the foregoing reasons, Invicta respectfully requests that this Court grant Invicta's Motion and dismiss the Complaint against Invicta with prejudice.

| | |
|---|---|
| Dated: December 20, 2021 | */s/ Jonathan R. Weiss*<br>Jonathan R. Weiss<br>Florida Bar No. 057904<br>**SQUIRE PATTON BOGGS (US) LLP**<br>200 South Biscayne Blvd., Suite 4700<br>Miami, Florida 33131<br>Telephone: 305-577-7000<br>Facsimile: 305-577-7001<br>Email: jonathan.weiss@squirepb.com<br><br>*Counsel for Defendant Invicta Watch Company of America, Inc.* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 20, 2021, a true copy of the foregoing has been filed via the CM/ECF filing system that will serve an electronic Notice of Filing to all counsel of record.

/s/ *Jonathan R. Weiss*
Jonathan R. Weiss