UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-61828-RAR

**GYORGY PAPP**,

    Plaintiff,

v.

**INVICTA WATCH COMPANY OF AMERICA, INC.,** *et al.*,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** comes before the Court on Defendant Invicta Watch Company of America, Inc.'s ("Invicta") Motion to Dismiss Plaintiff's Complaint [ECF No. 23]. The Court has reviewed the Motion, Plaintiff's Response in Opposition [ECF No. 26], Defendant's Reply [ECF No. 27], and heard oral argument on the Motion on February 3, 2022 [ECF No. 30] ("Hearing"). For the reasons stated on the record during the Hearing, it is hereby

**ORDERED AND ADJUDGED** as follows:

    1.    Defendant's Motion [ECF No. 23] is **GRANTED** *with leave to amend*. As explained on the record, the Court finds that additional allegations are needed to establish Defendant's claim of direct infringement against Invicta. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). To succeed on a claim for direct infringement, the evidence must establish "that the defendant directly or actively caused the infringement." *Atl. Recording Corp. v. Spinrilla, LLC*, 506 F. Supp. 3d 1294, 1307 (N.D. Ga. 2020) (citing *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 550 (4th Cir. 2004) ("While the

Copyright Act does not require that the infringer know that he is infringing or that his conduct amounts to a willful violation of the copyright owner's rights, it nonetheless requires *conduct* by a person who causes in some meaningful way an infringement.") (emphasis in original)).

2. Alternatively, as discussed during the Hearing, Plaintiff may assert a claim for vicarious infringement. *See, e.g, Pegasus Imaging Corp. v. Northrop Grumman Corp.*, No. 807-CV-1937-T-27EAJ, 2008 WL 5099691, at *2 (M.D. Fla. Nov. 25, 2008) ("A party infringes vicariously by 'profiting from direct infringement while declining to exercise a right to stop or limit it.'") (quoting *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,* 545 U.S. 913, 930 (2005)). To hold a defendant vicariously liable, they must also have had the "right and ability to supervise the infringing activity and must have a direct financial interest." *Id*. (citing *Casella v. Morris,* 820 F.2d 362, 365 (11th Cir. 1987)).

3. Plaintiff shall file an Amended Complaint in accordance with this Order on or before **February 17, 2022.** Failure to timely file an Amended Complaint shall result in the dismissal of this case without further notice.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 3rd day of February, 2022.

_____
  RODOLFO A. RUIZ II
  UNITED STATES DISTRICT JUDGE