UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-61828-RUIZ/STRAUSS

GYORGY PAPP,

    Plaintiff,

v.

INVICTA WATCH COMPANY
OF AMERICA, INC., *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon the Motion for Special Appearance to Quash Service of Process and to Dismiss for Insufficient Service of Process ("Motion") [DE 29] filed by Defendant Glycine Watch, S.A. ("Glycine"). This case has been referred to me, pursuant to 28 U.S.C. § 636(b)(1) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all action as required by law on the Motion. [DE 40].[1] I have reviewed the Motion, the filings related thereto [DE 33, 34, 35, 37], and all other pertinent portions of the record. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion be **DENIED**.

Under the Federal Rules of Civil Procedure, service upon a corporation in a judicial district of the United States may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (h)(1)(A). In turn, Florida law provides that:

---

[1] Although a motion to quash service of process is not a dispositive motion, I am submitting a report and recommendation due to the request for dismissal.

> (1) Process against any private corporation, domestic or foreign, may be served:
> (a) On the president or vice president, or other head of the corporation;
> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

§ 48.081(1), Fla. Stat.  Moreover, a separate provision of § 48.081 provides that "[i]f the address for the registered agent, officer, director, or principal place of business is a residence . . . service on the corporation may be made by serving the registered agent, officer, or director in accordance with s. 48.031." § 48.081(3)(b), Fla. Stat.

Glycine has failed to show that service was improper.  Plaintiff contends that Glycine was served via service on Abraham Lalo (the "Son"), the son of Eyal Lalo, who Plaintiff asserts is the head of Glycine.  It is undisputed that service occurred at the Lalos' residence.  The Motion appears to raise a few different challenges regarding service.  However, it does so in a manner that attempts to have the Court connect the dots rather than spelling out Glycine's arguments.  For instance, it notes that the address on the summons is different from the address at which service occurred.  However, the Motion never expressly contends that this renders service improper.  Moreover, none of the cases, statutes, or rules Glycine cites mandate that a party be served at the address listed in the summons, and I have not located any such requirement.

At any rate, Glycine's Reply [DE 37] somewhat crystallizes its arguments, which appear to be that (1) service on Glycine via Eyal Lalo was improper, and (2) even if proper, service on the Son was improper.  Both arguments fail.

First, Plaintiff was permitted to serve Glycine via Eyal Lalo based upon the undisputed evidence submitted in connection with the briefing on the Motion.  Glycine correctly posits that a plaintiff must follow the hierarchy in § 48.081(1) when attempting to serve a corporation

thereunder. That is why subsections (b)-(d) contain the limitation "[i]n the absence of . . . ." In other words, the plain language of the statute makes clear that process may only be served under subsections (b)-(d) in the absence of the persons specified in the earlier subsection(s). But here, Plaintiff submits that Eyal Lalo is the president or other head of Glycine. Notably, Plaintiff has submitted a declaration, under penalty of perjury, stating that "Eyal Lalo is the majority shareholder of Glycine and president of Glycine's board of directors and manager of the business." Declaration of Ryan E. Carreon ("Carreon Declaration") [DE 34-1] ¶ 3. I agree with Plaintiff that these titles show that Eyal Lalo qualifies as either the president or other head of Glycine. Although Glycine attempts to undermine the statement in the Carreon Declaration regarding Eyal Lalo's titles, *see* [DE 37] at 5 & n.1, none of the affidavits or evidence submitted by Glycine contradict the statement (and, thus, do not create an evidentiary issue). Thus, Plaintiff was permitted to serve process against Glycine on Eyal Lalo under § 48.081(1)(a), as he is effectively the president or other head of Glycine based on the uncontested facts.

Second, serving the Son at the Lalos' residence was proper under the circumstances. As indicated above, if the address for an officer or director is a residence, service may be made under § 48.031. *See* § 48.081(3)(b).[2] Under § 48.031, service may be made by leaving copies of the summons and complaint at the "usual place of abode" of the person to be served "with any person residing therein who is 15 years of age or older and informing the person of their contents." § 48.031(1)(a). These requirements are satisfied here. First, the Son confirmed that Eyal Lalo

---

[2] It is likely improper to choose at the outset to serve the head of a corporation on behalf of the corporation at that individual's residence if Sunbiz.org contains a different address for the individual. However, Glycine's information cannot be found on Sunbiz.org. Additionally, while other entities with which Eyal Lalo is affiliated do contain a business address for him (3069 Taft Street) on Sunbiz.org, Plaintiff made multiple (impeded) efforts to serve Mr. Lalo at that address before proceeding to carry out service at Mr. Lalo's residence. *See* Carreon Declaration ¶¶ 10-15.

resided at the service address, *see* Declaration of Robin Pennington ("Pennington Declaration") [DE 34-2] ¶ 8, and Glycine does not claim that the service address is not Mr. Lalo's usual place of abode.  Second, Glycine does not dispute that the Son resides at the service address.  Third, Glycine does not dispute that the Son is at least 15 years old.  Glycine does note that the Son is a high school student.  Nonetheless, Glycine offers no evidence to rebut the notation in the return of service [DE 29-1] that the Son is 18 years old.  Moreover, the process server estimated that the Son is between 16 and 20, *see* Pennington Declaration ¶ 10, which Glycine also has not disputed.  Finally, it is uncontested that the process server informed the Son of the contents of the paperwork she served.  *See id.* ¶¶ 9-11.  Therefore, service on the Son complied with § 48.031(1)(a).

Notwithstanding the foregoing, Glycine does cite two cases in its Reply that appear to support its position.  *See Auto-Owners Ins. Co. v. Traster*, No. 6:16-CV-2051-ORL-41DCI, 2017 WL 10080181 (M.D. Fla. Apr. 5, 2017); *Kennedy v. Pipeline Props., LLC*, No. 2:16-CV-00192-CM, 2016 WL 3632282 (M.D. Fla. July 7, 2016).  But neither case is binding, and both are distinguishable or otherwise inapposite.  First, Glycine relies on the statement in *Kennedy* that "[t]he spouse of a registered agent is not any of the individuals who may accept service on behalf of a corporation." 2016 WL 3632282, at *2.  However, this statement was based on a 1980 case,[3] and the language in § 48.081(3)(b) was not incorporated into the statute until 2004.  Second, *Traster* is distinguishable because Sunbiz.org contained a business address for the registered agent of the relevant entity in that case (in *Traster*, the registered agent's daughter was served at his residence).  *See* 2017 WL 10080181, at *1-2.

---

[3] *See Dade Erection Serv., Inc. v. Sims Crane Serv., Inc.*, 379 So. 2d 423, 426 (Fla. 2d DCA 1980). *Kennedy* also cited a 2013 Middle District of Florida case in support of this proposition.  That case, however, also relied on *Dade Erection*.

Although I find that service was proper for the reasons discussed above, I also note that "the fundamental purpose of service is to give proper notice to the defendant in the case that he is answerable to the claim of plaintiff and, therefore, to vest jurisdiction in the court entertaining the controversy." *Int'l Univ. of Health Scis. Ltd., Inc. v. Abeles*, 299 So. 3d 405, 411 (Fla. 4th DCA 2020) (quoting *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 953 (Fla. 2001)) (cleaned up). While Glycine is correct that Florida's service-of-process statutes "should be strictly construed . . . [t]he object of section 48.081 is to have service made upon someone who is held responsible by the corporation." *Id.* Here, Eyal Lalo is that person, and the Son comprehended the importance of delivering the papers that were served to his father. Moreover, it is clear that Glycine received proper notice that it "is answerable to the claim of [P]laintiff." In sum, service was properly effected under §§ 48.081(3)(b) and 48.031(1)(a).

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the District Court **DENY** the Motion [DE 29].[4]

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28

---

[4] Because service was proper, Plaintiff's request for dismissal is moot.

U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 7th day of March 2022.

*[signature]*

Jared M. Strauss
United States Magistrate Judge

6